Sánchez Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Este recurso plantea la controversia de si una deuda proveniente de giros de American Express vendidos en la farmacia que co-administraban los esposos demandados y que no fueron pagados, es imputable también a la esposa aun cuando solamente el marido suscribió el contrato con American Express. El Tribunal de Primera Instancia, Sala Superior de Bayamón, resolvió que se trata de una *827 obligación ganancial y, por ende, la esposa responde. Esta apeló. Confirmamos.
Para la fecha a la que se contraen estos hechos, el Ledo. José Vicente Albino Torres y la Leda. Linda Hernández Vega, ambos farmacéuticos, eran dueños y co-administraban la Farmacia Santa Teresita. A los fines de vender giros en la farmacia, el Ledo. Albino suscribió un contrato con American Express mediante el cual, entre otras cosas, el Ledo. Albino se comprometía a depositar el producto de la venta de los giros, dos veces en semana, en una cuenta bancaria especial señalada por American Express, luego de aquél retener una comisión, la que era presumiblemente la ganancia del negocio. American Express sabía que la Leda. Hernández era la esposa del Ledo. Albino pero no le requirió a ella que firmara el contrato.
Así las cosas, y por circunstancias que no son claras del expediente, el Ledo. Albino dejó de hacer los depósitos bisemanales a los que se obligó hasta que acumuló una deuda de $45,498.82 la cual no está en controversia. De hecho, el Ledo. Albino firmó un documento que constituye un reconocimiento de dicha deuda.
American Express demandó al Ledo. Albino, a la Leda. Hernández y a la sociedad de bienes gananciales compuesta por ambos. Al Ledo. Albino se le anotó la rebeldía. A base de la prueba desfilada en el juicio, el Tribunal de Primera. Instancia dictó sentencia a favor de American Express y condenó a los demandados a pagarle a la parte demandante $45,498.82 más los intereses.
En su apelación, la Leda. Hernández plantea, en esencia, que el tribunal apelado incidió en error al declarar ganancial la deuda aun cuando ella nunca suscribió el contrato con American Express y ni la sociedad de bienes gananciales ni ella se beneficiaron de los fondos cobrados. No tiene razón.
No está en controversia que los esposos demandados (hoy día divorciados), operaban conjuntamente como comerciantes un negocio de farmacia el cual ambos administraban. La venta de giros de American Express no era una actividad comercial clandestina llevada a cabo en la farmacia ni surge de la sentencia que fuese una actividad desconocida para la Leda. Hernández. Debemos presumir que se trataba de una actividad legítima, sobre el mostrador, de la cual la Leda. Hernández, como administradora, tenía que observar cotidianamente y estar al tanto de la misma y del trámite que conllevaba la administración de esa cuenta con American Express. La venta de giros de American Express era una actividad incidental a la explotación de las partes de su negocio de farmacia.
No estamos ante el caso de la mujer no instruida, sumisa y ajena a las actividades del marido que es burlada en sus derechos por un cónyuge que hace y deshace a sus anchas lo que quiere con los bienes gananciales a espaldas de ella. En el caso de autos la esposa es una profesional que junto a su marido administraba la empresa (que vendieron después a la corporación dueña de Farmacias El Amal) y cuya explotación era el modus vivendi de ambos.
El Art. 1308 del Código Civil, 31 L.P.R.A. see. 3661, dispone que serán de cargo de la sociedad de gananciales todas las deudas y obligaciones contraídas durante el matrimonio por cualquiera de los cónyuges y los préstamos personales en que incurra cualquiera de los cónyuges. La sentencia apelada nos parece enteramente correcta, especialmente en cuanto a la aplicación de Podrá Collado v. Espada, 111 D.P.R. 56 (1981), en el sentido de que "[l]a deuda contraída por el marido [...] fue una consecuencia normal y operación inseparable de su dedicación al comercio, un acto propio de administración de la sociedad por él compartida para el cual no necesitaba previa aprobación ni concurso de su cónyuge, por lo que está comprendido entre las obligaciones de cargo de la sociedad de gananciales a tenor del Art. 1308(1) ", supra.
Por último, la Leda. Hernández aduce que no se probó que ella o la sociedad de bienes gananciales se hubiesen beneficiado económicamente de la venta de giros. Pero aparte de que esta contención no puede ser deducida de los términos de la sentencia y que nunca nos propuso una exposición narrativa de la prueba oral que pudiera echar luz al respecto, esa cuestión es enteramente irrelevante a los hechos de este caso. Repetimos, la Leda. Hernández participó y administró la farmacia de la cual la venta de giros parece ser una actividad ordinaria del negocio.
Con estos antecedentes, se confirma la sentencia apelada.
*828 Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General